## WALLACE v. SINGER MANUFACTURING COMPANY.

In an action for damages alleged to have been occasioned by the levy of a garnishment, complainant averred that, having complied with the statutes applicable to acquiring a homestead, he arranged for a loan for the amount required on the submission of final proofs, and, while it was in possession of lender's agent, defendant served the garnishment, by which he was unable to pay the sum required on his homestead, and it was forfeited, to his damage.  *Held*, that the complaint was properly dismissed, for, had complainant completed the loan and acquired title thereto, the money would not have been exempt.

(Opinion filed September 2, 1899.)

Appeal from circuit court, Brule county.   Hon. FRANK B. SMITH, Judge.

Action by Frank B. Wallace against the Singer Manufacturing Company to recover damages for an alleged wrongful use of civil process.   From a judgment for defendant plaintiff appeals.   Affirmed.

*S. H. Wright* and *B. C. Huddle*, for appellant.

*A, B. Kittredge*, for respondent.

FULLER, J.   The complaint, to which an order sustaining a general demurrer was entered, and from which plaintiff appeals, alleges, in substance, that for the purpose of acquiring title to a government homestead, by making final proof under the land laws of the United States, with which appellant had

fully complied, he arranged with a loan agent to borrow $200, being the exact amount of money required by the government, and that such application was accepted by the company, and the funds were forwarded to the agent, to be advanced to appellant, or paid to the officers of the government, immediately upon the submission of the final proof, which appellant was fully prepared to make; that in an action then pending in justice court against appellant, respondent procured to be served upon the loan agent having said funds in his hands a writ of garnishment, in consequence of which appellant was entirely unable to pay the sum required to obtain his homestead, and the same was in due time forfeited to the United States, by reason whereof appellant sustained actual damages in the sum of $1,000, for which judgment is demanded. Based upon an additional claim for exemplary damages, the complaint contains the following paragraph: "As a second cause of action against said defendant, the plaintiff says and shows unto the court that the said defendant and its agents and attorneys were actuated by malice towards plaintiff, and a determination to harass, oppress, and break up plaintiff, and cause him to lose his homestead, in all the acts and things complained of in Parapraph 2, and that the said actions and proceedings of defendant, its agents and attorneys, were not only malicious and wanton, but without cause and unjustifiable, and that said tract of land was worth the sum of one thousand dollars on the said 13th day of September, 1894, and by that reason of the aforesaid conduct of defendant, its agents and attorneys, he has lost the same in manner and form as set forth in Paragraph 2, and that through and in consequence of the aforesaid wrongful, malicious, wanton and unjustifiable conduct and acts of said defendant, its

agents, servants and attorneys, as aforesaid, he has sustained exemplary damages in the sum of eight hundred dollars, no part of which has been paid."

Though conceding that the action in justice court was to recover money justly due respondent, and that the garnishee summons was legally issued, appellant contends that its service upon the agent of the loan company constituted an abuse of legal process, for which he is entitled to recover damages upon the proof of the facts stated in the complaint. As the garnishee's liability must be measured by the amount of money in his hands belonging to appellant at the time the garnishee summons was served, it must affirmatively appear, in order to entitle appellant to recover in this action, that money of his, then due or to become due, absolutely, and not subject to execution, was in the actual possession of the loan agent. Chapter 96, Laws 1893; 2 Shinn, Attachm. pars. 474—486, inclusive. Had appellant completed the loan and acquired title to the proceeds thereof, the money would not be exempt, under the averments of his complaint, or any state or federal homestead enactment to which our attention has been called. It is alleged that he has fully completed the residence required by law, and otherwise complied with the statutes of the United States applicable to homesteads; and, if such be the case, he is entitled to make final proof and obtain a patent without expending $200, or anything in excess of the usual land-office fees; and in no event need the action of respondent effect a forefeiture of the land. Rev. St. U. S. § 2291. Our conclusion is that the demurrer was properly sustained, and the order appealed from is affirmed.